UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-23629

OCCIDENTAL FIRE & CASUALTY
COMPANY OF NORTH CAROLINA,

    Plaintiff,

v.

DIXIE WAY MOTORS, INC. d/b/a DIXIE
WAY AUTO PLAZA and JUAN L.
FERNANDEZ,

    Defendants.
_____/

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S SUMMARY JUDGMENT ORDER [DE 57]

Defendant, Juan L. Fernandez ("Mr. Fernandez" or "Defendant"), pursuant to Fed. R. Civ. P. 59(e), files Defendant's Motion for Reconsideration of this Court's June 6, 2023 Summary Judgment Order [DE 57]:

On June 6, 2023, this Honorable Court issued its Summary Judgment Order [DE 57]. This Motion for Reconsideration solely relates to the Court's ruling as to the Plaintiff's Duty to Indemnify. Defendant files this Motion to correct clear error and/or a manifest injustice.

Within its Summary Judgment Order, the Court agreed with Plaintiff's arguments that "(1) the actual ownership of the car at the time of the Accident was not a critical and necessary part of the Underlying Action; and (2) Plaintiff was not a party in the Underlying Action." *See* DE 57, p. 10-12. Each are briefly addressed as follows:

**A. Actual Ownership *Was* a Critical and Necessary Part of the Underlying Action.**

The Court wrote:

> Further, while the State Court judgment made a finding on ownership, such a finding was not "critical and necessary" in the Underlying Action … The ownership of the car at the time of the Accident did not impact the judgment, nor was it critical and necessary.

DE 57 at p. 12.

As this Court correctly noted, the underlying lawsuit was for a single count of negligence. A negligence claim has four elements: (1) a duty by the defendant to conform to a certain standard of conduct; (2) a breach by the defendant of that duty; (3) a causal connection between the breach and injury to the plaintiff; and (4) loss or damage to the plaintiff. *Las Olas Holding Company v. Demella*, 228 So.3d 97 (Fla. 4th DCA 2017).

The ownership of the vehicle is the **very reason** that Dixie Way owed a duty to Mr. Fernandez. This is well-settled pursuant to Florida's dangerous instrumentality doctrine. The dangerous instrumentality doctrine "imposes strict vicarious liability upon the owner of a motor vehicle who voluntarily entrusts that motor vehicle to an individual..." *See Estate of Villaneuva ex rel. Villanueva v. Youngblood*, 927 So. 2d 955 (Fla. 2d DCA 2005) (an owner who authorizes someone else to operate the owner's vehicle, whether by express or implied consent, has a non-delegable duty to ensure that the vehicle is operated safely); *see also Southern Cotton Oil Co. v. Anderson*, 86 So. 629 (Fla. 1920). The dangerous instrumentality doctrine was judicially adopted based on public policy concerns:

> The dangerous instrumentality doctrine seeks to provide greater financial responsibility to pay for the carnage on our roads. It is premised upon the theory that the one who originates the danger by entrusting the automobile to another is in the best position to make certain that there will be adequate resources with which to pay the damages caused by its negligent operation.

*See Aurbach v. Gallina*, 753 So. 2d 60, 62 (Fla. 2000)

Duty (and, by extension, ownership) was an **element of Mr. Fernandez's cause of action** in the Underlying Action. Thus, ownership was, in fact, critical and necessary, and the "duty"

prong of Mr. Fernandez's negligence claim is why Judge Kasternakes deemed it critical and necessary to rule upon in the State Court Final Judgment.

### B. The Interests of Plaintiff and Dixie Way *Were Not* Antagonistic

The Court wrote:

> Here, the interests of Plaintiff and Defendant Dixie Way, who was a party in the Underlying Action, were antagonistic. As Plaintiff notes, "if the vehicle driven by Fernandez was determined to have been owned by Dixie Way at the h time of the [A]ccident, then the Combined Exclusion/Limitation of the Policy would not have applied which would have benefited [Defendant Dixie Way] from a coverage standpoint, possibly creating coverage, to the detriment of [Plaintiff]." P's Resp. at 8. Thus, it cannot be said that Plaintiff was in privity with any party in the Underlying Action.

DE 57 at p. 12.

This is a misstatement of clear and settled Florida law. To the complete contrary of an "antagonistic" relationship, Plaintiff owed Dixie Way a **fiduciary duty** to act in its best interests. *See Doe v. Allstate Ins. Co.*, 653 So.2d 371, 374 (Fla.1995) (stating that the obligation of insurance company toward insured is a "fiduciary duty requiring the exercise of good faith") *see also* Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783 (Fla. 1980). In fact, Plaintiff owed Dixie Way to duty to act "with the same haste and precision as if it were in the insured's shoes." *Harvey v. GEICO Gen. Ins. Co.*, 259 So.3d 1 (Fla. 2018).

In fact, this duty is such settled law that it has been distilled into Florida Standard Jury Instruction 404.4:

> **Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for its interests.**

The Florida Supreme Court has further provided that "the focus in a bad faith case is not on the actions of the claimant but rather on those of the insurer in fulfilling its obligations to the insured." *Berges v. Infinity Insurance Co.*, 896 So.2d 665, 677 (Fla. 2004).

Thus, Plaintiff's relationship with Dixie Was *not* antagonistic. Plaintiff was, in fact, required to step into Dixie Way's shoes. Plaintiff owed Dixie Way a fiduciary duty and the implied covenant of good faith and fair dealing. Thus, Dixie Way was "in privity" or "virtually represented" in the underlying action. *Cook v. State*, 921 So.2d 631, 635 (Fla. 2d DCA 2005).

### C. Conclusion

Based upon the above clear Florida law, this Court should reconsider its Summary Judgment Order [DE 57] as to the duty to indemnify and grant judgment as a matter of law to Defendant.

Respectfully Submitted on this 9th day of June 2023.

>Pike & Lustig, LLP
>*/s/ Michael J. Pike*
>**Michael Pike**
>Florida Bar No.: 617296
>**Daniel Lustig**
>Florida Bar No.: 059225
>**Robert C. Johnson**
>Florida Bar No.: 116419
>1209 N. Olive Ave.
>West Palm Beach, FL 33401
>Telephone: (561) 855-7585
>Facsimile: (561) 855-7710
>Email: pleadings@pikelustig.com
>*Counsel for Defendant, Fernandez*

### LOCAL RULE 7.1 CERTIFICATE

Defendant's counsel certifies that pursuant to Local Rule 7.1, counsel for Defendant conferred in good faith with counsel for Plaintiff in an effort to resolve the issues raised in this Motion but has been unable to do so. Specifically, on June 8, 2023, Robert C. Johnson, Esq. conferred with Francesco Palanda, Esq. via telephone. The Parties engaged in a good-faith back and forth conferral but were not able to resolve the issues presented herein.

### CERTIFICATE OF SERVICE

   I hereby certify that on this 9th day of June 2023, I caused a true and correct copy of the foregoing Report to be served by CM/ECF on all parties listed to receive electronic service for this case.

                    */s/ Michael Pike*
                     Michael Pike