UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OCCIDENTAL FIRE & CASUALTY   CASE NO.:  1:22-CV-23629-KMM
COMPANY OF NORTH CAROLINA,

    Plaintiff,

vs.

DIXIE WAY MOTORS, INC. d/b/a DIXIE
WAY AUTO PLAZA and JUAN L.
FERNANDEZ,

    Defendants.

_____  /

## OCCIDENTAL'S  RESPONSE TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S SUMMARY JUDGMENT ORDER

The Plaintiff, Occidental Fire & Casualty Company of North Carolina ("Occidental")

files its response to Defendant's Motion for Reconsideration of this Court's Summary Judgment

Order [DE 57].

## I. RELEVANT TIME LINE AND FACTS

1. This insurance coverage dispute concerns whether Occidental has a duty to

defend and indemnify its insured, Defendant Dixie Way Motors, Inc. d/b/a Dixie Way auto Plaza

("Dixie Way"), against a negligence claim brought by Juan L. Fernandez ("Fernandez") and

subsequent final judgment entered against Dixie Way in an underlying state court action *Juan L.*

*Fernandez v. Dixie Way Motors, Inc. d/b/a Dixie Way auto Plaza, Inc.* Case No.

502018CA007591  ("underlying action").  *See generally* D.E. 1

2.      During the course of litigation the parties filed competing dispositive motions directed at Occidental's duty to defend and indemnify Dixie Way. *See generally* D.E. 17, 18, 25, 26, 28, 29, & 30.

3.      On June 6, 2023 the Court entered an order granting in part and denying in part Fernandez's motion for summary judgment, and denying Occidental's Cross Motion for Summary Judgment. *See* D.E. 57.

4.      Specifically, this Court held that Occidental breached its duty to defend, but did not grant summary judgment in relation to Occidental's duty to indemnify Dixie Way. This Court further ruled that Occidental was not estopped from litigating the issue regarding ownership of the vehicle driven by Fernandez at the time of his accident. *I.d.*

5.      Fernandez now requests reconsideration of this Court's Order denying, in part, his Motion for Summary Judgment.  *See* D.E. 59.

## II.  INTRODUCTION

Defendant's Motion for Reconsideration of this Court's Summary Judgment Order [D.E. 59] should be denied because Plaintiff attempts to reargue issues related to "privity" and "materiality" previously raised in the summary judgment pleadings  (although Fernandez chose to ignore and not address Occidental arguments directed at these issues in the summary judgment pleadings), and attempts to argue case law not previously presented and that was available at the time this Court entered its Summary Judgment Order. Notwithstanding this fact, even if this Court was to consider the issues raised in Fernandez's Motion for Reconsideration, Fernandez's motion must be denied because no newly discovered evidence or manifest errors of law or fact in the Court's Summary Judgment Order. Specifically the issue regarding the ownership of the

CASE NO.: 1:22-CV-23629-KMM

vehicle driven by Fernandez at the time of his accident was (1) not material to the allegations contained in the underlying state court negligence action, and (2) the parties were not in privity as to the issue of the ownership of the vehicle driven by Fernandez in regard to the determination of coverage under the Policy.

### III.  MEMORANDUM OF LAW

**i)**      **Fernandez is Attempting to Improperly Reargue Issues Addressed in the Summary Judgment Pleadings that he Previously Chose to Ignore.**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)  [*2] (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Motions for reconsideration are appropriate where, for example, the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice. *See id.; Compagnoni v. United States,* 1997 U.S. Dist. LEXIS 7706, 1997 WL 416482, at *2 (S.D. Fla. May 13, 1997). This is not the situation here. "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. at 1563. *Also see, Baquero v. Lancet Indem. Risk Retention Grp., Inc.*, No. 12-24105-CIV, 2013 U.S. Dist. LEXIS 150177 (S.D. Fla. Oct. 17, 2013).

In *ZK Marine*, the court held, in part, that the movant's reliance on legal president that it previously failed to present to the court was misplaced because it was available at the time of the court's previous ruling.  *Z.K. Marine, Inc. v. M/V Archigetis,* 808 F. Supp. at 1563. Further, the court noted there was no newly discovered evidence or manifest errors of law or fact presented by the movant. *Id.*    Similar to *ZK Marine,* Fernandez fails to present any new evidence or

3

change in the law.  Instead, Fernandez improperly attempts to reargue issues presented in the parties summary judgment pleadings, and  cites legal precedent that existed at the time the Court entered its Summary Judgment Order.   For these grounds alone, the Court should deny Fernandez's Motion for Reconsideration.     Notwithstanding the above, the arguments raised in Plaintiff's Motion for Reconsideration do not justify the reconsideration of the Court's Summary Judgment Order.

ii)     **The Issue of Ownership of the Vehicle Driven by Fernandez at the Time of his Accident is Immaterial as to the Issues Framed in the Underlying Action.**

Fernandez argues the ownership of  the vehicle is material because "[t]he ownership of the  vehicle is the **very reason** that Dixie Way owed a duty to Mr. Fernandez. Based upon the allegations of the underlying action, Fernandez is incorrect as Dixie Way's liability was predicated on the condition of the car – not the ownership of the car.  The underlying action is premised on the negligence of Dixie Way in failing to "reasonably inspect, to reasonably warn, to reasonably maintain, and to reasonably fix the vehicle, and to not provide Fernandez a motor vehicle that was unsafe for the roadway" resulting in injury to Fernandez; no no other individuals apart from Fernandez himself are alleged to be injured in the underlying action. D.E. 1-2 ¶¶ 6-9. Accordingly the dangerous instrumentality doctrine, which imposes vicarious liability in most cases upon the owner of the car, is not relevant or material to the underlying action  as Dixie Way's alleged negligence was direct for providing Fernandez an unsafe auto – not vicarious for allowing another to drive a car that Fernandez or Dixie Way owned. *See, Aurbach v. Gallina*, 753 So. 2d 60,  62 (Fla. 2000) (One who authorizes and permits an instrumentality that is peculiarly dangerous in its operation to be used by another on the public highway is liable in

damages for injuries to third persons caused by the negligent operation of such instrumentality on the highway by one so authorized by the owner.)

Based upon the foregoing Plaintiff's argument that ownership of the vehicle in the underlying action was material to the judgment because of the "dangerous instrumentality doctrine," fails.

### iii)    The Parties are not in Privity as to the Issue of the Ownership of the Vehicle Driven by Fernandez at the Time of his Accident from a Coverage Perspective.

Even assuming that the determination of the vehicle driven by Fernandez at the time of his action was "material" to the underlying action, Dixie Way and Fernandez were not in "privity" as to the issue.  Since Occidental was not a party in the Arbitration or the underlying tort action, the Arbitrator's decision regarding ownership can only be binding upon Occidental if it was in complete privity with its insured as to this issue. *Vanguard Insurance Company v. Townsend,* 544 So. 2d 1153, 1154 (Fla. 5th DCA 1989) (the "privity" doctrine does not apply where the interests of the insured and insurer are antagonistic towards each other); *Brito v. Heritage Prop. & Cas. Ins. Co.*, 276 So. 3d 990*,* 994 (reversing the trial court's ruling finding privity and noting that in order for privity to be established that following must be shown: (1) the nonparty agreed to be bound by the litigation of others; (2) a substantive legal relationship existed between the person to be bound and a party to the judgment; (3) the nonparty was adequately represented by someone who was a party to the suit; (4) the nonparty assumed control or the litigation in which the judgment was issued; (5) a party attempted to relitigate issues through a proxy; or (6) a statutory scheme foreclosed successive litigation by nonlitigants).

Fernandez argues that Occidental and Fernandez's interests were in "privity" and were not antagonistic regarding ownership of the vehicle. *See generally*, D.E. 59.   While Plaintiff cites several cases that arise in the bad faith context, standing generally for the proposition that

1042838\313900219.v1

the insurance company owes a fiduciary duty to the insured requiring the exercise of good faith, none of the case stand for the proposition that an insurer is precluded from contesting coverage. *Id.*  To the contrary, even when an insurer wrongfully denies its duty to defend, an insurer has no duty to indemnify its insured unless the claim is within the coverage of a policy.  *Spencer v. Assurance Co. of Am.,* 39 F.3d 1146, 1149 (115h Cir. 1994). " (*citing Steal v. Florida Physicians' Ins. Reciprocal*, 448 So. 2d 589, 592 (Fla. 2d DCA 1984)).

Accordingly, Fernandez's argument that the interests of the parties were not antagonistic because Occidental had a fiduciary duty to the insured requiring the exercise of good faith, in the underlying action is incorrect. It is clear that Occidental has the ability to contest those facts that may have been determined in the arbitration in which their interests were antagonistic to the interests of its insured.  One such issue was the ownership of the car.

## IV.    CONCLUSION

Wherefore, based upon the above argument of counsel, Fernandez's Motion Reconsideration  of this Court's Summary Judgment Order must be denied.

*[Certificate of Service on Following Page]*

6

CASE NO.:  1:22-CV-23629-KMM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 23, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

HINSHAW & CULBERTSON LLP

*/s/Francesco J. Palanda*
**FRANCESCO J. PALANDA**
Florida Bar No.  809071
fpalanda@hinshawlaw.com
ellampallas@hinshawlaw.com
jhodges@hinshawlaw.com
**RONALD L. KAMMER**
Florida Bar No. 360589
rkammer@hinshawlaw.com
dphangsang@hinshawlaw.com
2525 Ponce de Leon Boulevard, Fourth Floor
Coral Gables, FL 33134
Telephone:  305-358-7747
Facsimile:  305-577-1063
*Counsel for Plaintiff  Occidental Fire & Casualty Company of North Carolina*

1042838\313900219.v1