UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:22-cv-23629

OCCIDENTAL FIRE & CASUALTY
COMPANY OF NORTH CAROLINA,

    Plaintiff,

v.

DIXIE WAY MOTORS, INC. d/b/a DIXIE
WAY AUTO PLAZA and JUAN L.
FERNANDEZ,

    Defendants.
_____/

### REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THIS COURT'S SUMMARY JUDGMENT ORDER [DE 57]

Defendant, Juan L. Fernandez ("Mr. Fernandez" or "Defendant"), files this Reply Brief in Further Support of Defendant's Motion for Reconsideration of this Court's June 6, 2023 Summary Judgment Order [DE 57]:

"The applicable standard for a motion for reconsideration is that the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp.2d 1340, 1343 (S.D.Fla.2007) (internal quotation and citation omitted). Mr. Fernandez has adequately carried this burden.

First, Occidental argues that Mr. Fernandez should have raised these arguments in the underlying Motion. However, because the Court has ruled that Occidental had a duty to defend but, in fact, breached that duty, Mr. Fernandez's basis for his Motion for Reconsideration was not

available to Mr. Fernandez prior to the June 6, 2023 summary judgment Order. Thus, Mr. Fernandez is not raising arguments that could have been brought prior to the entry of the Order. Instead, they flow naturally from the Court's ruling as to the duty to defend. In fact, because Occidental should have defended the state court case, it should have made its arguments in the state court litigation. Had Occidental defended the state court case, it could have argued that it lacked a duty. It failed to do so. Further, because Occidental was required to defend the state court case, it cannot argue that it was not in privity and shouldn't be bound by same. The finding of a duty to defend in and of itself completely negates these arguments.

Courts have considerable discretion in determining whether to grant or deny a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See, e.g., Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (D. Fla. 1994); Moore's Federal Practice § 59.30[4]. A motion to alter or amend a judgment may be granted in a number of circumstances, including (1) when the court commits clear legal error of either law or fact, *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002); and (2) when the judgment creates or results in manifest injustice, *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684-85 (M.D. Fla. 1996). Both have occurred here.

Next, Occidental argues that the dangerous instrumentality does not apply because, Occidental claims, this was an action for direct negligence. However, in the state court case, Mr. Ferndez pled as follows:

> 9. At the time of the collision, Defendant, Dixie Motors, owed Fernandez a duty of reasonable care to reasonably inspect, to reasonably warn, to reasonably maintain, and to reasonably fix the vehicle, and to not provide Fernandez a motor vehicle that was unsafe for the roadway.

[DE 17-2]. This is the very scenario when the doctrine applies. *See Estate of Villaneuva ex rel. Villanueva v. Youngblood*, 927 So. 2d 955 (Fla. 2d DCA 2005); *see also Southern Cotton Oil Co. v. Anderson*, 86 So. 629 (Fla. 1920). The Florida Supreme Court has stated that, "in determining who is vicariously liability under the dangerous instrumentality doctrine, this Court repeatedly has required that the person held vicariously liable have an identifiable property interest in the vehicle, such as ownership, bailment, rental, or lease of a vehicle." *Meister v. Fisher*, 462 So.2d 1071, 1072 (Fla. 1984). "When control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse." *Susco Car Rental System v. Leonard*, 112 So.2d 832, 835-836 (Fla.1959). Thus, ownership was, in fact, critical and necessary, and the "duty" prong of Mr. Fernandez's negligence claim is why Judge Kastrenakes deemed it critical and necessary to rule upon in the State Court Final Judgment.

Finally, Occidental argues that it cannot be bound by the state court final judgment "[s]ince Occidental was not a party in the Arbitration or the underlying tort action." [DE 65 at p. 5]. However, **this Court has already ruled that Occidental had a duty to defend that very action**. Occidental failed to do so, and should not be entitled to utilize its breach as a sword. Mr. Fernandez agrees with the case law that Occidental cites. The legal relationship between an insurer and an insured, however, clearly creates privity between Occidental and Dixie Way. To the complete contrary of an "antagonistic" relationship, Plaintiff owed Dixie Way a **fiduciary duty** to act in its best interests. *See Doe v. Allstate Ins. Co.*, 653 So.2d 371, 374 (Fla.1995) (stating that the obligation of insurance company toward insured is a "fiduciary duty requiring the exercise of good faith"). A ruling that Occidental was antagonistic to Dixie Way is the complete antithesis of well-

settled Florida law as to Occidental's good-faith duties as an insurer. The relationship of these parties mandates a finding of privity.

This Court should reconsider its Summary Judgment Order [DE 57] as to the duty to indemnify and grant judgment as a matter of law to Mr. Fernandez.

Respectfully Submitted on this 27th day of June 2023.

>Pike & Lustig, LLP
>*/s/ Michael J. Pike*
>**Michael Pike**
>Florida Bar No.: 617296
>**Daniel Lustig**
>Florida Bar No.: 059225
>**Robert C. Johnson**
>Florida Bar No.: 116419
>1209 N. Olive Ave.
>West Palm Beach, FL 33401
>Telephone: (561) 855-7585
>Facsimile: (561) 855-7710
>Email:  pleadings@pikelustig.com
>*Counsel for Defendant, Fernandez*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2023, I caused a true and correct copy of the foregoing Report to be served by CM/ECF on all parties listed to receive electronic service for this case.

>*/s/ Michael Pike*
>Michael Pike